**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL21183

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK
## CENTRAL ISLIP DIVISION

| | |
|---|---|
| Eric R. Ford, individually and on behalf of all others similarly situated, | Case No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| LVNV Funding, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

Plaintiff Eric R. Ford, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against defendant LVNV Funding, LLC as follows:

### INTRODUCTION

1. This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

3. This court has jurisdiction over defendant LVNV Funding, LLC because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

4. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

5. Plaintiff Eric R. Ford ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Nassau County, New York.

6. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

7. Defendant LVNV Funding, LLC ("Defendant") is a company existing under the laws of the State of Delaware, with its principal place of business in Wilmington, Delaware.

8. Defendant has transacted business within this state as is more fully set forth hereinafter in this Complaint.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

13. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall

mean Defendant or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

15. Defendant alleges Plaintiff owes it a debt ("the alleged Debt").

16. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

17. The alleged Debt does not arise from any business enterprise of Plaintiff.

18. The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

19. At an exact time known only to Defendant but within a year of this Complaint, Defendant decided to hire debt collector Forster & Garbus, LLP ("F&G") to attempt to collect the alleged Debt on Defendant's behalf.

20. At all times relevant herein, F&G was acting as a debt collector as that term is defined by the FDCPA.

21. As part of its utilization of F&G, Defendant conveyed information regarding the alleged Debt to F&G.

22. The information conveyed by Defendant to F&G included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the entity to which Plaintiff allegedly owed the debt, among other things.

23. Defendant's conveyance of the information regarding the alleged Debt to F&G is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

24. F&G then populated some or all this information into a prewritten template, printed, and mailed the letter to Plaintiff at Defendant's direction.

25. That correspondence, dated October 23, 2020, was received and read by Plaintiff. (A true and accurate copy of that correspondence (the "Letter") is annexed hereto as "**Exhibit 1**.")

3

26. The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

27. The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

## FIRST COUNT
## Violation of 15 U.S.C. § 1692c(b) and § 1692f

28. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

29. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

30. F&G does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

31. Plaintiff never consented to Defendant's communication with F&G concerning the alleged Debt.

32. Plaintiff never consented to Defendant's communication with F&G concerning Plaintiff's personal and/or confidential information.

33. Plaintiff never consented to Defendant's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

34. Upon information and belief, Defendant has utilized F&G for these purposes many times.

35. Defendant utilizes F&G in this regard for the sole purpose of maximizing its profits.

36. Defendant utilizes F&G without regard to the propriety and privacy of the information which it discloses to F&G.

4

37. Defendant utilizes F&G with reckless disregard for the harm to Plaintiff and other consumers that could result from Defendant's unauthorized disclosure of such private and sensitive information.

38. Defendant violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to F&G.

39. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

40. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

41. Defendant disclosed Plaintiff's private and sensitive information to F&G.

42. Defendant violated 15 U.S.C. § 1692f when it disclosed information about Plaintiff's alleged Debt to F&G.

43. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

44. Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in the State of New York.

45. Plaintiff seeks to certify a class of:

> i. All consumers where Defendant sent information concerning the consumer's debt to F&G without obtaining the prior consent of the consumer, which disclosure was made on or after a date one year prior to the filing of this action to the present.

46. This action seeks a finding that Defendant's conduct violates the FDCPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

47. The Class consists of more than thirty-five persons.

48. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

49. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

50. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

### JURY DEMAND

51. Plaintiff hereby demands a trial of this action by jury.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Certifying this action as a class action; and

b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

c. Finding Defendant's actions violate the FDCPA; and

6

    d.  Awarding damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k; and

    e.  Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

    f.  Awarding the costs of this action to Plaintiff; and

    g.  Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

    h.  Such other and further relief that the Court determines is just and proper.

DATED: May 10, 2021

**BARSHAY, RIZZO & LOPEZ, PLLC**

By: s/ *David M. Barshay*
David M. Barshay, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL21183
*Attorneys for Plaintiff*